UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GACOLBY TARSHAR MOORE,

    Petitioner,                    Civil No. 2:13-CV-12225
                                      HONORABLE ARTHUR J. TARNOW
v.                                 UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Gacolby Tarshar Moore, ("Petitioner"), presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his application, filed *pro se*, petitioner challenges his conviction for possession with intent to deliver or manufacture 50 to 449 grams of cocaine, M.C.L.A. 333.7401(2)(a)(3), delivery or manufacture of less than 50 grams of cocaine, M.CL.A. 333.7401(2)(a)(4),

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Brooks Correctional Facility, but has since been transferred to the Cotton Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Randall Haas in the caption.

1

*Moore v. Haas,* 2:13-CV-12225

resisting and obstructing a police officer, M.C.L.A. 750.81(d)(1), and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner pleaded guilty to the above offenses in the Oakland County Circuit Court at his final pre-trial conference. In exchange for his guilty plea, the trial judge entered into a *Cobbs* agreement with petitioner where he agreed to sentence him within the sentencing guidelines range for his offenses. [2] (Tr. 1/16/09, pp. 12-13). Petitioner was ultimately sentenced as a fourth habitual offender to concurrent sentences of 12 to 30 years for each of the cocaine convictions and 2-15 years for the resisting and obstructing a police officer conviction. (Tr. 3/20/09, p. 13).

Following his conviction and sentence, petitioner filed a *pro se* delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the appeal, because it was filed more than 12 months

---

[2] In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. Appx 701, 703, n.1 (6th Cir. 2007).

*Moore v. Haas,* 2:13-CV-12225

after the judgment of sentence, making it untimely. *People v. Moore*, No. 298130 (Mich. Ct. App. July 13, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court held that the Oakland Circuit Court erred in failing to timely appoint appellate counsel and remanded the case back to the Oakland Circuit Court to appoint counsel and file whatever appropriate postconviction motions and appeal in the Michigan Court of Appeals may be appropriate. *People v. Moore*, 488 Mich. 946, 790 N.W.2d 681 (Mich. 2010).

Petitioner, with the benefit of appellate counsel, filed a motion to withdraw his guilty plea in the Circuit Court, which was denied. *People v. Moore,* No. 08222486-FH (Oakland County Circuit Court, August 19, 2011). The Michigan appellate courts denied petitioner leave to appeal. *People v. Moore*, No. 306899 (Mich. Ct. App. December 12, 2011); *lv. den.* 491 Mich. 922, 812 N.W.2d 760 (2012).

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks relief on the following grounds:

> I. Moore must be allowed to withdraw his guilty plea due to ineffective assistance of counsel where defense counsel failed to allow full adjudication of his Fourth Amendment suppression motion and defense counsel deceived defendant concerning full adjudication of the suppression motion prior to entering the guilty plea.

3

*Moore v. Haas,* 2:13-CV-12225

II. Defense counsel was ineffective for not informing Moore about a conditional plea, where Moore could preserve his Fourth Amendment suppression motion on appeal.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent

*Moore v. Haas,* 2:13-CV-12225

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or

5

*Moore v. Haas,* 2:13-CV-12225

theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

In the present case, the Michigan Court of Appeals on petitioner's direct appeal denied petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington,* 131 S. Ct. at 784. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 785.

In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's

*Moore v. Haas,* 2:13-CV-12225

appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v. Bell,* 692 F. 3d 486, 492-94 (6th Cir. 2012); *Hardaway v. Robinson*, 655 F.3d 445, 447, 449 n. 1 (6th Cir. 2011).

### III.  Discussion

The Court will discuss petitioner's two claims together for judicial clarity. Petitioner contends that he should be permitted to withdraw his guilty plea for two reasons.  First, petitioner contends that his trial counsel was ineffective for advising him to plead guilty before a previously filed motion to suppress the evidence had been ruled on by the trial judge.  Petitioner further alleges that his trial counsel deceived him into believing that the judge had already denied the motion to suppress the evidence.  Secondly, petitioner contends that trial counsel was ineffective for failing to inform petitioner about the option of a conditional guilty plea, which would have allowed petitioner to preserve his Fourth Amendment suppression motion on appeal.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as

*Moore v. Haas,* 2:13-CV-12225

the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a

*Moore v. Haas,* 2:13-CV-12225

substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty, but would have insisted on going to trial. *Premo v.*

9

*Moore v. Haas,* 2:13-CV-12225

*Moore,* 131 S. Ct. 733, 743 (2011)(citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59.

Petitioner first contends that trial counsel was ineffective for advising him to plead guilty before the trial judge had an opportunity to rule on his motion to suppress the evidence and for deceiving petitioner into thinking that the trial judge had already denied the motion.

Petitioner is not entitled to habeas relief on this claim. Petitioner's counsel, Richard H. Morgan, Jr., had filed a motion to suppress the evidence. Although the judge never conducted an evidentiary hearing nor had adjudicated the motion, the judge had informed the prosecutor and defense counsel that based on his review of the testimony from the preliminary examination, the motion to suppress would not be successful. *People v. Moore,* No. 08222486-FH, Slip. Op. at * 2 (Oakland County Circuit Court, August 19, 2011); *See also* Affidavit of Richard H. Morgan, Jr., dated August 2, 2011. [3] Counsel in his affidavit indicated that after the trial judge informed him that he was not going to grant the motion, he spoke with petitioner and informed him that the judge was

---

[3] Petitioner's Appendix K.

*Moore v. Haas,* 2:13-CV-12225

going to deny the motion and petitioner's choices were either to plead guilty or proceed to trial.

Counsel's alleged error in advising petitioner to plead guilty before the judge formally ruled on the motion to suppress the evidence did not prejudice petitioner, so as to support petitioner's ineffective assistance claim, because even if counsel had advised petitioner that the motion to suppress was still pending, at most petitioner may have delayed entry of his guilty plea until receiving a formal denial of the motion from the judge. *See Gingras v. Weber,* 543 F. 3d 1001, 1004 (8th Cir. 2008). Indeed, there has been no showing from petitioner that had he awaited a ruling on the motion to suppress the evidence and the motion had been formally denied, that he would have elected to go to trial. To the contrary, petitioner indicates that when he believed that the motion to suppress had been denied, he agreed to plead guilty. Under the circumstances, petitioner is unable to show that he was prejudiced by counsel's recommendation to plead guilty before the motion to suppress had been adjudicated. *Id.*

Moreover, in light of the fact that the trial judge had informed defense counsel that he was going to deny the motion to suppress, counsel was not deficient in advising petitioner to plead guilty. To prove that counsel's failure to litigate a Fourth Amendment claim competently is the principal claim of

*Moore v. Haas,* 2:13-CV-12225

ineffectiveness, a defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence, in order to demonstrate actual prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *See also Mack v. Jones,* 540 F. Supp. 2d 840, 848 (E.D. Mich. 2008). In light of the fact that the judge had indicated that he would deny the motion to suppress the evidence, petitioner is unable to show that he was prejudiced by counsel's failure to await a formal ruling on the motion to suppress prior to advising petitioner to plead guilty.

Petitioner further contends that trial counsel was ineffective for failing to advise him of his right to seek a conditional guilty plea in order to preserve his Fourth Amendment claim for appeal.

Although Michigan law permits the entry of a conditional plea to preserve an issue for appeal, it is well settled that a conditional guilty plea requires the agreement of the defendant, the prosecution, and the court. *People v. Lannom,* 441 Mich. 490, 493, n. 5; 490 N.W.2d 396 (1992)*; People v. Reid,* 420 Mich. 326, 337; 362 N.W.2d 655 (1984); *People v. Andrews,* 192 Mich. App. 706, 707; 481 N. W. 2d 831 (1992); *People v. Kelley,* 181 Mich. App. 95, 97; 449 N.W.2d 109 (1989); M.C.R. 6.301(C)(2); *See also Brown v. Trombley,* No. 2007 WL 1013687, *3 (E.D. Mich. March 29, 2007). Michigan law parallels Fed.Rule

*Moore v. Haas,* 2:13-CV-12225

Crim. P. 11(a)(2), which states that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty."

Petitioner was not prejudiced by defense counsel's failure to negotiate a conditional plea agreement that would have preserved his rights to appeal the denial of his motion to suppress, absent any showing that counsel could have successfully negotiated such plea agreement. *See U.S. v. Moya,* 676 F. 3d 1211, 1214 (10th Cir. 2012); *See also U.S. v. Alvarez-Quiroga,* 901 F. 2d 1433, 1437 (7th Cir. 1990)(failure of defendant's attorney to seek conditional plea agreement could not be charged to attorney incompetence so as to render guilty plea involuntary due to erroneous advice of counsel; conditional plea is not just choice of defendant, but rather, requires that both Government and court find such plea acceptable). Petitioner is not entitled to habeas relief on his claims.

**A certificate of appealability.**

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [4] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA

---

[4] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*Moore v. Haas,* 2:13-CV-12225

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an

14

*Moore v. Haas,* 2:13-CV-12225

appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Moore is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal *in forma pauperis.*

                               S/Arthur J. Tarnow
                               Arthur J. Tarnow
Dated: October 29, 2013     Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 29, 2013, by electronic and/or ordinary mail.
                               S/Catherine A. Pickles
                               Judicial Assistant