UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GACOLBY TARSHAR MOORE,

    Petitioner,                    Civil No. 2:13-CV-12225
                                      HONORABLE ARTHUR J. TARNOW
v.                              UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR ENLARGEMENT OF TIME TO FILE A MOTION TO ALTER OR AMEND AND/OR MOTION FOR RECONSIDERATION AND DENYING THE MOTION TO ALTER OR AMEND AND/OR FOR RECONSIDERATION

On October 29, 2013, the Court denied the petition for writ of habeas corpus that had been filed by petitioner pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability. *See Moore v. Haas,* No. 2:13-CV-12225, 2013 WL 5819593 (E.D. Mich. October 29, 2013). On December 5, 2013, petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. Petitioner has also filed a motion for an enlargement of time to file a motion to alter or amend judgment and/or motion for reconsideration and a motion to alter or amend judgment and/or motion for reconsideration. For the reasons that follow, the motions are DENIED.

Petitioner is not entitled to an extension of time to file his motion to alter or amend and/or motion for reconsideration of the Court's opinion and order denying habeas relief because the motion to alter or amend judgment and/or motion for

1

*Moore v. Haas,* No. 2:13-CV-12225

reconsideration is untimely. E.D. Mich. L.R. 7.1(g)(1) states that: "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order." *Id.* The provisions of Local Rule 7.1 are analogous to Fed.R.Civ.P. 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. *United States v. Moss*, 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999). A habeas petitioner's motion to amend or alter judgment denying a petition for writ of habeas corpus is untimely when it is filed more than ten days after the judgment is entered. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

The Court issued its opinion on October 29, 2013. Petitioner signed and dated his motion to alter or amend and/or motion for reconsideration on November 21, 2013. Absent evidence to the contrary, a federal court will assume, pursuant to the "prison mailbox rule," that a prisoner gave his habeas petition or other pleadings to prison officials on the date he signed it. *See e.g. Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). The Court is willing to apply the prison mailbox rule in determining whether petitioner's motion to alter or to amend judgement and/or for reconsideration was timely filed within the ten day limit for filing such a motion. *See e.g. Aird v. United States,* 339 F. Supp. 2d 1305, 1308 (S.D. Ala. 2004). The Court also excludes Saturdays, Sundays, and legal holidays from the computation of the time for filing a motion to

*Moore v. Haas,* No. 2:13-CV-12225

alter or amend and/or motion for reconsideration. *See Johnson v. Unknown Dellatifa,* 357 F. 3d 539, 542 (6th Cir. 2004). However, even excluding Saturdays, Sundays, and legal holidays from the computation, petitioner's motion to alter or to amend judgment and/or motion for reconsideration was due no later than November 14, 2013.[1] The instant motion to alter or to amend judgment and/or for reconsideration is therefore untimely.

District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *See FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F. 3d 678, 682 (6th Cir. 1999). A district court is also without power to enlarge the time for making motions for reconsideration of their orders. *See Denley v. Shearson/American Express, Inc.,* 733 F. 2d 39, 41 (6th Cir. 1984). Simply put, the Court lacks jurisdiction to entertain petitioner's motion to alter or to amend judgment and/or motion for reconsideration because the motion was filed more than ten days after the court issued its opinion and order denying the petition for writ of habeas corpus. *See Allen v. Hemingway,* 24 Fed. Appx. 346, 347 (6th Cir. 2001).

This Court also lacks jurisdiction to consider petitioner's motion to alter or amend and/or motion for reconsideration because petitioner has filed a notice of appeal in this case. A notice of appeal generally "confers jurisdiction on the court

---

[1] Veteran's Day fell on Monday, November 14, 2013.

*Moore v. Haas,* No. 2:13-CV-12225

of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *See also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Because petitioner has filed a notice of appeal, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of petitioner's case. *Workman,* 958 F. 2d at 167-68; *See also Raum v. Norwood,* 93 Fed. Appx. 693, 695 (6th Cir. 2004)(Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider).

Finally, even if this Court had jurisdiction over petitioner's motion to alter or amend judgment and/or motion for reconsideration, it would still deny the motion. A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d at 550. U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004);

4

*Moore v. Haas,* No. 2:13-CV-12225

*Hence v. Smith,* 49 F. Supp. 2d at 550-51 (*citing* L.R. 7.1(g)(3)).  A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

    Petitioner raises the same arguments in his motion to alter or amend judgment and/or motion for reconsideration that he raised in his original petition and that were considered by the Court in adjudicating petitioner's case. Petitioner's motion to alter or amend judgement and/or motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus and denied petitioner a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

## ORDER

    Accordingly, **IT IS ORDERED** that the motion for enlargement of time to file a motion to alter or amend and/or motion for reconsideration (Dkt. # 14) and the motion to alter or amend and/or motion for reconsideration (Dkt. # 15) are **DENIED**.

                                          S/Arthur J. Tarnow
                                          Arthur J. Tarnow
                                          Senior United States District Judge
Dated: December 18, 2013

*Moore v. Haas,* No. 2:13-CV-12225

I hereby certify that a copy of the foregoing document was served upon counsel/parties of record on December 18, 2013, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Assistant